UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| CONNIE E. HALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 3:11-cv-144 |
| | ) |
| DEACONESS HOSPITAL, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

COMPLAINT AND DEMAND FOR JURY TRIAL

I. NATURE OF THE CASE

1.     Plaintiff, Connie E. Hall ("Hall"), by counsel, brings this action against Defendant, Deaconess Hospital, Inc., ("Defendant") alleging violations of the Family and Medical Leave Act of 1993 ("FMLA"), as amended, 29 U.S.C. §2601 et seq., the Americans with Disabilities Act (ADA) of 1990, 42 U.S.C. §12101 et seq. and the Age Discrimination in Employment Act, as amended, 29 U.S.C. §§ 621 et. seq.

II. PARTIES

2.     Hall is a resident of the State of Indiana, who at all times relevant to this action resided within the geographical boundaries of the Southern District of Indiana.

3.     Defendant maintains offices and conducts business within the geographical boundaries of the Southern District of Indiana.

### III. JURISDICTION AND VENUE

4.     Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 29 U.S.C. § 626, 42 U.S.C. § 12117 and 29 U.S.C. §2617(a)(2).

5.     Defendant is an "employer" as that term is defined by 29 U.S.C. §2611(4), 42 U.S.C. § 12111(5)(A) and  29 U.S.C. § 630(b).

6.     Plaintiff, at all times relevant, was an "eligible employee" as that term is defined by 29 U.S.C. §2611(2).

7.     Hall is a qualified individual as that term is defined by the ADA, 42 U.S.C. § 12111(8). At all relevant times, Defendant had knowledge of Hall's disability and/or it regarded Hall as being disabled and/or Hall has a record of being disabled.

8.     Hall is an "employee" as that term is defined by 29 U.S.C. § 630(f).

9.     Hall exhausted her administrative remedies by timely filing a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission, claiming discrimination based on disability and age. Hall files this complaint within ninety (90) days of receipt of her Notice of Right to Sue.

10.     All events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Southern District of Indiana, thus venue is proper in this Court.

## IV.  FACTUAL ALLEGATIONS

11.    Hall, a sixty-two (62) year old female, was hired by the Defendant on or about March 14, 2005.  Hall held the position of Registered Nurse upon her termination on or about October 4, 2010.

12.    During all relevant time periods, Hall met or exceeded Defendant's legitimate performance expectations.

13.    In or about April 2009, Hall was injured while working for the Defendant. In or about April 2010, Hall incurred another injury while working for the Defendant.  On or about July 28, 2010, due to the workplace injury, Hall underwent surgery and went off work on FMLA leave.

14.    On or about September 23, 2010, Defendant informed Hall that her non- FMLA leave was exhausted on October 4, 2010 and that she was going to be terminated. Defendant informed Hall that she would be given an extension on her termination in order to find other employment with the Defendant.

15.    From on or about August 1, 2010 through on or about October 19, 2010, Hall applied for eight (8) to ten (10) positions with the Defendant. Positions Hall was qualified for and fit her medical restrictions. Hall was not hired for any of the positions.

16.    On or about October 21, 2010, Hall received a letter from the Defendant stating that her employment was terminated on October 4, 2010.

17.     On or about November 12, 2010, Hall applied for seven (7) more positions with the Defendant.  Positions Hall was qualified for and fit her medical restrictions. Hall was not hired for any of the positions.

18.     Similarly-situated non-disabled and/or younger employees are treated more favorably by the Respondent.

19.     Moreover, Hall's age and/or perceived disabling conditions and/or past and prospective usage of FMLA leave were considered by the Defendant and are reasons for Defendant's failure to hire Hall.

## IV.  CAUSES OF ACTION

### COUNT I:  VIOLATION OF THE FMLA - DISCRIMINATION/RETALIATION

20.     Paragraphs one (1) through nineteen (19) of Hall's Complaint are hereby incorporated.

21.     Defendant unlawfully and intentionally discriminated and/or retaliated against Hall for the exercise of her rights under the FMLA in violation of 29 U.S.C. §2615(a)(2).

22.     Defendant's actions were intentional, willful and in reckless disregard of Hall's rights as protected by the FMLA.

23.     Hall suffered damages as a result of Defendant's unlawful actions.

### COUNT II-VIOLATION OF THE ADA - DISCRIMINATION

24.     Paragraphs one (1) through twenty-three (23) of Hall's Complaint are hereby incorporated.

25.     Defendant violated Hall's rights as protected by the Americans with Disabilities Act, 42 U.S.C. § 12101 <u>et</u> <u>seq</u>. by terminating her and refusing to rehire her because of her real or perceived disability.

26.     Defendant's actions were intentional, willful and in reckless disregard of Hall's rights as protected by the ADA.

27.     Hall has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

<u>COUNT III-AGE DISCRIMINATION</u>

28.     Paragraphs one (1) through twenty-seven (27) of Hall's Complaint are hereby incorporated.

29.     Defendant has willfully and intentionally, with malice and/or reckless disregard for Hall's rights, engaged in unlawful and discriminatory employment practices because of Hall's age in violation of the Age Discrimination in Employment Act (ADEA), as amended, 29 U.S.C. §§ 621 <u>et</u>. <u>seq</u>.

30.     Hall has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

<u>V.  REQUESTED RELIEF</u>

WHEREFORE, Plaintiff, Connie E. Hall, respectfully requests that this Court enter judgment in her favor and award her the following relief:

1.     Reinstate Plaintiff to the position, salary and seniority level she would have enjoyed but for Defendant's unlawful employment actions, or award her front pay in lieu thereof;

2.     All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

3.     Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

4.     Liquidated damages;

5.     Punitive damages;

6.     All costs and attorney's fees incurred as a result of bringing this action;

7.     Pre- and post-judgment interest on all sums recoverable; and

8.     All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

_s/Kyle F. Biesecker_____

Kyle F. Biesecker (24095-49)
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana 47708
Telephone: (812) 424-1000
Facsimile:  (812) 424-1005
Email: kfb@bdlegal.com

*Attorney for Plaintiff, Connie E. Hall*

-6-

## <u>DEMAND FOR JURY TRIAL</u>

The Plaintiff, Connie E. Hall, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

Respectfully submitted,

 s/ Kyle F. Biesecker
Kyle F. Biesecker (24095-49)
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana 47708
Telephone:  (812) 424-1000
Facsimile:  (812) 424-1005
Email: kfb@bdlegal.com

*Attorney for Plaintiff, Connie E. Hall*